IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD WIGGINS
# 14047-026,

Petitioner,

vs.

T. G. WERLICH,

Respondent.                                    Case No. 17-cv-697-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Ronald Wiggins is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). He brings this habeas action pursuant to 28 U.S.C. § 2241 in order to challenge his enhanced sentence as a career offender based on two prior Illinois drug convictions. (Doc. 1, p. 2).

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The § 2241 Petition survives preliminary review under this standard.

1

## I.     Background

In 2004, Wiggins was convicted in the United States District Court for the Central District of Illinois of robbing a credit union in violation of 18 U.S.C. § 2113(a). *See United States v. Wiggins*, No. 03-CR-20032-JES-1 (C.D. Ill.) ("criminal case"). At the time, Wiggins had two prior state drug trafficking convictions for possession with intent to deliver a controlled substance and for manufacturing with intent to deliver a controlled substance in Cook County Case Nos. 95-CR-01364 and 93-CR-535501. (Doc. 1, pp. 2, 7). Consequently, Wiggins was sentenced as a career offender to 20 years of imprisonment.

Wiggins' appointed attorney filed a notice of appeal. *United States v. Wiggins*, App. No. 04-1698 (7th Cir.). Because he was unable to find a non-frivolous issue for appeal, however, the attorney subsequently sought permission to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The Seventh Circuit granted the motion and dismissed the appeal on June 30, 2005. *United States v. Wiggins*, 138 F. App'x 842 (7th Cir. 2005).

On September 7, 2006, Wiggins filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Wiggins v. United States*, No. 06-CV-2169 (C.D. Ill. 2006) ("collateral attack"). Wiggins argued unsuccessfully that he was denied the effective assistance of counsel. *Id*. The § 2255 motion was denied on December 3, 2007. *Id*; *Wiggins v. United States*, 2007 WL 4277442 (C.D. Ill. Dec. 3, 2007). Wiggins filed a notice of appeal, which the Seventh Circuit construed as an application for a certificate of appealability and denied. *Wiggins*

2

*v. United States*, App. No. 08-1100 (7th Cir. Apr. 8, 2008).

Wiggins then filed a second § 2255 motion on January 31, 2013, again arguing that his conviction must be set aside based on the ineffective assistance of his counsel. *Wiggins v. United States*, No. 06-CV-2169 (C.D. Ill. 2006) ("second collateral attack"). The district court dismissed the second § 2255 motion the following day, after recognizing it as a second or successive motion for which it lacked jurisdiction to consider. *Wiggins v. United States*, 2013 WL 411484 (C.D. Ill. Feb. 1, 2013). The Seventh Circuit denied Wiggins certification to appeal and informed him that he could only pursue a successive § 2255 motion if he received prior authorization to do so. *Wiggins v. United States*, App. No. 13-1366 (7th Cir. Oct. 8, 2013) (Doc. 15).

Undeterred, Wiggins filed another § 2255 motion on May 5, 2014. *Wiggins v. United States*, No. 06-CV-2169 (C.D. Ill. 2006) ("third collateral attack"). Relying on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), he argued that his sentence violated the Sixth Amendment. The district court dismissed the third collateral attack for lack of jurisdiction two days later. *Wiggins v. United States*, 2014 WL 1856727 (C.D. Ill. May 7, 2014). The Seventh Circuit denied Wiggins' subsequent request for a certificate of appealability. *Wiggins v. United States*, App. No. 14-2203 (7th Cir. Nov. 14, 2014). At the same time, the Seventh Circuit also warned Wiggins that he "risks monetary sanctions and a restriction on future filings should he continue launching frivolous collateral attacks." *Id*. (citing *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997)).

3

On June 14, 2016, Wiggins sought authorization to file a successive § 2255 motion, in order to challenge his sentence as a career offender under the United States Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015). *Wiggins v. United States*, App. No. 16-2142 (7th Cir.) (Doc. 7). The Seventh Circuit would not authorize a second or successive § 2255 motion because it concluded that his sentence is consistent with *Johnson*. *Id*.

On September 12, 2016, he nevertheless filed a letter in the district court that was construed as a § 2255 motion. (Doc. 81, criminal case). The court forwarded the letter to the Seventh Circuit for consideration. *Wiggins v. United States*, App. No. 16-3417 (7th Cir. 2016). On September 20, 2016, the Seventh Circuit again denied Wiggins authorization to file a successive § 2255 motion. (Doc. 83, criminal case). Wiggins attempted to challenge his career offender designation, this time arguing that his two drug trafficking convictions are not qualifying "controlled substance offenses" under U.S.S.G. § 4B1.2(b). The Seventh Circuit explained that his claim was barred under § 2244(b)(2) because it was not "newly available." *Id*. (citing *Brannigan v. United States*, 249 F.3d 584, 589 (7th Cir. 2001); *Bennett v. United States*, 119 F.3d 470, 472 (7th Cir. 1997)). To the extent he relied on *Johnson*, the Seventh Circuit concluded that his claim was also barred because Wiggins was previously denied permission to file a successive § 2255 motion on the basis of *Johnson*. (Doc. 83, criminal case).

## II. The Petition

In the instant § 2241 Petition, Wiggins asserts that his two prior Illinois drug trafficking convictions no longer trigger an enhanced sentence under the United States Sentencing Guidelines based on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). (Doc. 1, pp. 7-10) (citing U.S.S.G. § 4B1.1 and 4B1.2). Both prior convictions resulted from violations of 720 ILCS § 570/401, a statute that Wiggins maintains is divisible. (Doc. 1, p. 7). The terms "manufacture" or "deliver" in the Illinois statute are allegedly more broadly defined than the generic "controlled substance offenses" under U.S.S.G. § 4B1.2(b). (Doc. 1, pp. 7-8). Under *Mathis*, Wiggins argues that neither conviction can be used to enhance his sentence as a career offender. (Doc. 1, pp. 7-10).

## III. Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence by bringing a motion to vacate, set aside, or correct sentence under § 2255 before the sentencing court. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). This remedy typically supersedes the writ of habeas corpus. *Id*. However, the number of collateral attacks that a prisoner may bring is limited, and Wiggins has already filed many.

A second or successive § 2255 motion is not authorized, unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing

evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The Court of Appeals has not authorized Wiggins to file a second or successive § 2255 motion on either ground.

A "savings clause" in § 2255(e) allows a federal prisoner to file a § 2241 petition, if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that "[a] procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). To invoke the "savings clause" and obtain collateral relief under § 2241, three requirements must be met. First, the petitioner must show that he relies on a new case of statutory interpretation rather than a constitutional decision. *Id.* Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* the case must apply retroactively. *Id.* Third, he must demonstrate that there was a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id.*; *Brown v. Caraway*, 719 F.3d at 586; *Brown v. Rios*, 696 F.3d at 640; *Hill*, 695 F.3d at 645.

6

Wiggins challenges his enhanced sentence as a career offender based on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). In *Mathis*, the Supreme Court set forth the test that should be applied when determining whether a state conviction counts as a predicate offense that can be used to enhance a federal defendant's sentence under the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Wiggins, in essence, argues that his Illinois drug trafficking convictions do not qualify as "controlled substance offenses" under a similar clause in the United States Sentencing Guidelines.

The first *Davenport* requirement is satisfied because *Mathis* is a "new" statutory interpretation case. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation."); *Jenkins v. United States*, No. 16-3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). The second *Davenport* requirement is also satisfied for screening purposes. *Mathis* is a substantive rule, and controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *Id.*; *Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). *See also Dawkins*, 829 F.3d at 551 (claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241"). *But see Street v. Williams*, No. 17-cv-364-bbc, 2017 WL 3588651 (W.D. Wis. dismissed August 18, 2017) (dismissing § 2241 petition brought pursuant to *Mathis* for failure to

satisfy second *Davenport* requirement); *Neff v. Williams*, No. 16-cv-749-bbc, 2017 WL 3575255 (W.D. Wis. dismissed August 17, 2017) (same); *Van Cannon v. United States*, No. 16-cv-433-bbc and 08-c5-185-bbc (W.D. Wis. dismissed July 10, 2017) (same). Finally, the alleged increase in Wiggins' sentence resulting from his career offender status could amount to a miscarriage of justice. The § 2241 Petition facially satisfies the *Davenport* requirements.

But whether *Mathis* applies to Wiggins' sentence, in particular, is not clear. His sentence enhancement was based on the advisory sentencing guidelines and not the ACCA. *See Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). The Supreme Court's decision in *Mathis* dealt with the ACCA. *United States v. Hinkle*, 832 F.3d 569, 574 (7th Cir. 2016). The Supreme Court has distinguished sentences imposed under the advisory sentencing guidelines from sentences imposed under the residual clause of the ACCA by recently holding that the residual clause in U.S.S.G. § 4B1.2(a) is not subject to a vagueness challenge. *Beckles v. United States*, -- U.S. --, 137 S.Ct. 886 (March 6, 2017) (distinguishing *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)). At this point, however, the impact of *Mathis* is not yet clear, and the record before this Court is not fully developed. Because it is not plainly apparent that relief is unwarranted, the Court shall order a response to the § 2241 Petition. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

## IV. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS ORDERED** that Respondent Warden T. G. Werlich shall answer the § 2241 Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before October 5, 2017).[1]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings and for disposition.

**IT IS ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge **Proud** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondent) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7)

---

[1] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.06 13:15:50 -05'00'

_____
**District Judge**
**United States District Court**