**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RONALD WIGGINS, # 14047-026,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **Case No. 17-cv-697-SMY** |
| | ) | |
| **M.A. STANCIL,**[1] | ) | |
| **Warden, USP-Florence, Colorado,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ronald Wiggins was incarcerated at the FCI-Greenville, Illinois at the time he

filed this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241 in July 2017. (Doc. 1). He is

now in custody at a federal halfway house. (Doc. 41). Wiggins collaterally attacks his 240-month

sentence imposed in 2004 after a jury convicted him of bank robbery. He claims his sentencing

range under the United States Sentencing Guidelines (USSG) § 4B1.1 and § 4B1.2 was improperly

enhanced based on two previous Illinois drug convictions. *U.S. v. Wiggins*, No. 03-cr-20032 (C.D.

Ill.). Specifically, Wiggins asserts that his 1993 and 1995 controlled substance convictions under

720 ILCS § 570/401 no longer qualify as career-offender predicate offenses after the Supreme

Court decided *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). (Doc. 1, pp. 7-10).

A Response was filed on December 5, 2017. (Doc. 12). Wiggins replied (Doc. 17) and

supplemented the record with additional arguments. (Docs. 18, 18-1, 19). On April 1, 2019, the

---

[1] Warden Stancil was substituted as the Respondent in February 2019 after Wiggins was transferred to USP-Florence. (Doc. 29). On March 16, 2020, Wiggins notified the Court that he had been transferred again, this time to a Residential Reentry Center in Chicago. (Doc. 41). In light of the disposition of this matter, the Court does not find it necessary to substitute the Respondent yet again to reflect Wiggins' current custodian.

Court granted Wiggins leave to file a supplemental brief. (Doc. 34). A Supplemental Response was filed (Doc. 35) and Wiggins replied. (Doc. 36). Wiggins subsequently filed two motions for the Court to take judicial notice of recent court decisions. (Docs. 37, 39).

## Relevant Facts and Procedural History

In February 2004, Wiggins was sentenced to 240 months' imprisonment after a jury in the Central District of Illinois convicted him in November 2003 of bank robbery, in violation of 18 U.S.C. § 2113(a) (2003). (Doc. 12, p. 3; Doc. 12-1, pp. 1-2). His sentence included a 3-year term of supervised release. (Doc. 12-1, p. 3). He had previously been convicted in Cook County, Illinois, of possession with intent to deliver a controlled substance (Case No. 93-CR-0535501), and manufacturing/delivery of a controlled substance (Case No. 95-CR-01364). (Doc. 1, pp. 2, 7; Doc. 12-18; Doc. 12-19). The statutory maximum sentence under 18 U.S.C. § 2113(a) for bank robbery was 20 years (240 months) in prison. (Doc. 13-1, pp. 1, 7). Wiggins' Guidelines range, with the career offender enhancement, was calculated at 210-262 months, but because of the statutory maximum, the effective range was 210-240 months. (Doc. 13-1, pp. 6-12; 19-20).

Wiggins appealed, but his appointed attorney moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). The appeal was dismissed on June 30, 2005, after Wiggins responded to the motion. (Doc. 12-3). The Court rejected Wiggins' challenge to his career offender enhancement, finding that the documentation of his prior convictions under Illinois law for manufacture or possession of controlled substances with intent to deliver was sufficient to show that he had two prior controlled substance offenses. (Doc. 12-3, pp. 5-6).

On September 7, 2006, Wiggins filed a motion challenging his sentence under 28 U.S.C. § 2255, arguing that counsel was ineffective and that the court erred in relying on inadequate proof of his prior convictions, hearsay evidence, and facts not found by the jury to increase his sentence.

*Wiggins v. U.S.*, No. 06-cv-2169 (C.D. Ill.). (Doc. 12-4). The Motion was denied in December 2007 (Doc. 12-5, pp. 11-12), and the Seventh Circuit denied Wiggins' request for a certificate of appealability. (Docs. 12-6, 12-7).

Wiggins filed a second § 2255 motion in January 2013. It was dismissed by the district court because Wiggins failed to obtain the required authorization from the appellate court. *Wiggins v. U.S.*, No. 06-cv-2169 (C.D. Ill. Doc. 27); (Doc 12-9). The appellate court denied his request for a certificate of appealability on October 8, 2013. (Doc. 12-10).

In May 2014, Wiggins filed a third § 2255 motion in the district court that was dismissed for lack of prior authorization. (Docs. 12-11; 12-12). Again, the Seventh Circuit declined to issue a certificate of appealability. (Doc. 12-13).

On May 15, 2016, Wiggins sought permission from the Seventh Circuit to file a successive § 2255 motion raising *Johnson v. U.S.*, __U.S. __, 135 S. Ct. 2551 (2015), to argue that bank robbery could no longer be considered a crime of violence under the residual clause of the USSG. (Doc. 12-14). The appellate court denied leave on June 14, 2016, finding that Wiggins' sentence was consistent with *Johnson*. (Doc. 12-15).

Finally, on September 12, 2016, Wiggins wrote to the district court seeking to challenge the use of his two Illinois drug convictions for the career offender enhancement. (Doc. 12-16). The district court transferred the letter to the appellate court, construing it as a motion for leave to bring a successive § 2255 motion. The Seventh Circuit denied permission, finding that his challenge was barred under § 2244(b)(2) because it was not newly available, citing *Brannigan v. U.S.*, 249 F.3d 584, 589 (7th Cir. 2001), and *Bennett v. U.S.*, 119 F.3d 470, 472 (7th Cir. 1997)). (Doc. 12-17).

## Grounds for Habeas Relief

Wiggins asserts that the statute governing his Illinois convictions, 720 ILCS § 570/401, is divisible, setting forth alternative ways to violate the statute. He asserts that in comparison with USSG § 4B1.2(b), which defines the term "controlled substance offense," the Illinois statute for controlled substance delivery and possession with intent to deliver is overbroad and criminalizes conduct that is not unlawful under the federal generic offense. (Doc. 1, pp. 7-8; Doc. 17, pp. 8-11). Specifically, he claims the state statute's definition of "delivery" criminalizes the transfer of possession without consideration. According to Wiggins, this mismatch means that he was erroneously labeled as a career offender under the Guidelines. (Doc. 1, pp. 7-8). Wiggins' supplementary arguments expand on his theory, adding that Illinois allows conviction for solicitation, attempt, or an offer to share, unlike federal law. (Docs. 18-1, 34). He further claims that his sentencing violated his due process right to be sentenced based on accurate information. (Doc. 34, p. 26). He argues that without the career offender enhancement, his Guidelines range would have been only 140-175 months. (Doc. 17, pp. 3, 5). He seeks to be resentenced without the recidivist enhancement. (Doc. 1, p. 12).

Respondent raises four objections to the Petition: Wiggins' claim fails to satisfy the savings clause of 28 U.S.C. § 2255(e); he is barred from relitigating sentencing defects which he previously challenged on appeal and through collateral attack; his career offender challenge is procedurally defaulted because he failed to raise it on direct appeal; and his claim fails on the merits because his prior Illinois convictions qualify as "controlled substance offenses" under USSG § 4B1.1(a) and § 4B1.2(b). (Doc. 12, pp. 2-3).

## Applicable Law

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to

raise claims of legal error in conviction or sentencing but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under § 2255. As such, he or she may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Seventh Circuit Court of Appeals construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." A petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a

5

constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). "[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## Discussion

In his original Petition and supplementary pleadings and memoranda, Wiggins relies solely on the argument that the Illinois drug statute at 720 ILCS § 570/401 is divisible and overbroad because its definition of "delivery" does not match the relevant federal definition, and claims Illinois has allowed convictions under this statute for mere solicitation or attempt to deliver drugs or possess with intent to deliver. Setting aside the question of whether Wiggins' claim is cognizable under the savings clause, this argument is unpersuasive on the merits. The Seventh Circuit has rejected the very argument Wiggins raises in *U.S. v. Redden*, 875 F.3d 374 (7th Cir. 2017), which held that a career offender enhancement under the United States Sentencing Guidelines, premised on an Illinois controlled substance conviction under 720 ILCS § 570/401, was proper. While Wiggins argues that *Redden* was wrongly decided and should not be followed, it is binding precedent in this Circuit.

The Illinois statute under which Wiggins was convicted in 1993 and 1995 states that it is unlawful "knowingly to manufacture or deliver, or possess with intent to manufacture or deliver,

a controlled or counterfeit substance or controlled substance analog." 720 ILCS § 570/401 (1993, 1995). Under § 4B1.1(a) of the federal sentencing guidelines, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a) (2003). A "controlled substance offense" is defined in § 4B1.2:

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b) (2003).

In *Redden*, the defendant argued that his prior conviction for delivery of a controlled substance under 720 ILCS § 570/401 should not have been used as a predicate to classify him as a career offender under USSG § 4B1.1 because the elements of the Illinois offense differed from the above-quoted USSG definition of a "controlled substance offense." The *Redden* court compared the USSG language with the Illinois statute's definitions relating to controlled substance offenses. Noting that "The key phrase in § 4B1.2(b) is 'manufacture, import, export, distribution, or dispensing,'" the court concluded:

> The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense.

*Redden*, 875 F.3d at 375.

Redden raised the Fifth Circuit's opinion in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), to argue that 720 ILCS § 570/401 was overbroad by permitting offers for sale. The *Hinkle*

7

court, applying the statutory analysis set forth in *Mathis*, determined that the "delivery" element of a Texas drug statute was overbroad because it included a mere "offer to sell," and invalidated the defendant's career-offender enhancement based on his conviction under that state statute. *Hinkle*, 832 F.3d at 571-77. The *Redden* court distinguished *Hinkle*, however, concluding that unlike the Texas law, the Illinois statute "does not make it a crime to offer a controlled substance." *Redden*, 875 F.3d at 375. Finding that "delivery" in Illinois is the equivalent of "distribute or dispense" under the federal definitions, the Seventh Circuit concluded that "it would be frivolous . . . to argue that Redden is not a career offender" based on his Illinois drug conviction under 720 ILCS § 570/401. *Id.*

*Redden* is dispositive of Wiggins' claim that the "delivery" element of § 401 is overbroad. Because his *Mathis* argument is based solely on this factor, it fails on the merits. Wiggins does not demonstrate that his sentence was tainted by a fundamental defect that amounts to a miscarriage of justice.

It is notable that the 20-year statutory maximum sentence for bank robbery under 18 U.S.C. § 2113(a) was not increased by Wiggins' criminal history or career-offender designation under the sentencing guidelines. In other words, the 240-month sentence he received was lawful no matter what Guidelines range was calculated for him. When the court concluded that Wiggins was a career criminal under USSG § 4B1.1(a)(3) based on his two prior Illinois drug convictions, his sentencing range became 210-262 months. However, he was never exposed to the higher end of the range, because the statute set an upper limit of 240 months. (Doc. 13-1, pp. 19-20). Wiggins was assigned a Criminal History Category of VI before the career-offender enhancement was applied, and this was unchanged by the career-offender designation. (Doc. 13-1, p. 12). Before the recidivist enhancement, Wiggins had a Total Offense Level of 29. (Doc. 13-1, p. 7). At that

level, his Guidelines range would have been 151-188 months.[2]  USSG § 5, Pt. A (table).

The record in this case also demonstrates that even if the sentencing judge had applied the 151-188 month Guidelines range, he would have sentenced Wiggins to the maximum allowed under the statute.  On Wiggins' direct appeal, in the context of examining whether Wiggins could have challenged his sentence under *Booker*,[3] the appellate court noted that during sentencing, the trial court stated that "if he could he would have sentenced Wiggins to life imprisonment."  (Doc. 12-3, p. 5).  While Wiggins could have argued for resentencing in light of the *Booker* decision, the appellate court concluded, "given the judge's statements at sentencing, it would be frivolous to argue that this claim could gain Wiggins any relief."  *Id.*  The same observation holds true in the habeas context – even if Wiggins' *Mathis* challenge had merit, a resentencing under an advisory guideline range of 151-188 months would not have led to a different result before the sentencing court.

Finally, Wiggins' claim that the trial court violated his due process right to be sentenced based on accurate information (in other words,  that he was incorrectly labeled as a career offender), is without merit.  (Doc. 34, p. 26).  Of course, a defendant has a due process right to be sentenced based on accurate information.  *United States ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984), citing *United States v. Tucker*, 404 U.S. 443, 447 (1972) and *Townsend v. Burke*, 334 U.S. 736 (1948).  But Wiggins misunderstands the scope of that right.  Due process is violated by reliance on *factually* incorrect information at sentencing.  In *Townsend*, the sentencing court mistakenly thought that the defendant had been convicted on several charges when he in fact had been acquitted or the charges had been dropped.  *Townsend*, 334 U.S. at 740.  In *Tucker*, the

---

[2] Wiggins' claim that his sentencing range would have been 120-150 months or 140-175 months in the absence of the career-offender enhancement is incorrect.  (Doc. 17, pp. 3, 5; Doc. 34, p. 26).
[3] *United States v. Booker*, 543 U.S. 220 (2005) (sentencing guidelines are no longer mandatory, but are advisory only).

sentencing court was unaware that two of the defendant's prior convictions were invalid because they had been obtained in violation of his right to counsel. *Tucker*, 404 U.S. at 447. In *Welch*, the sentencing court thought that the defendant had been previously convicted of armed robbery, but the prior conviction was only for robbery. *Welch*, 738 F.2d at 865. *See also United States v. Melendez*, 819 F.3d 1006, 1012 (7th Cir. 2016) (drug quantity); *United States v. Jones*, 454 F.3d 642, 652 (7th Cir. 2006) (court considered prior conviction that had been overturned).

Here, the allegedly inaccurate information is not the fact of the prior convictions; it is the conclusion that the prior convictions qualified as predicate crimes for the career offender enhancement. The question of whether a prior crime qualifies as predicate crime is a legal question, not a factual one.

## Disposition

For the foregoing reasons, Ronald Wiggins' Petition for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

It is not necessary for Wiggins to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Wiggins wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Wiggins plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Wiggins does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: April 3, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**